UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                     :
                                              :
                                              :        **ORDER**
                                              :
        -against-                             :        15 CR 288 (RMB)
                                              :
OMAR SHARPE,                                  :
                                              :
                        Defendant.            :
-------------------------------------------------------------X

On or about May 10, 2023, Omar Sharpe, proceeding *pro se*, filed a motion seeking a 90-day extension of time ("Motion") to file a petition for a writ of habeas corpus under 28 U.S.C. § 2255 ("Petition"). (Mot., dated May 10, 2023, at 1.) Sharpe's deadline to file the Petition was May 3, 2023.[1]

Sharpe, who is incarcerated at USP Beaumont in Beaumont, Texas, contends that a 90-day extension is necessary because he has been "confined to his cell" due to "violence" at his prison; "chronic understaffing" and "modified operations" ha[ve] severely curtailed [his] ability . . . to adequately research and draft" a Petition and have "frustrate[d] the necessary time needed to perfect the § 2255 pleading." (Mot. at 1–2.)  Sharpe does not provide any information regarding his anticipated § 2255 claims. (*See* Mot.)

Following a jury trial, on February 13, 2017, Sharpe was convicted of (i) "conspiracy to distribute and possess with intent to distribute cocaine base (crack) marijuana and/or heroin" in

---

[1] "[A] federal prisoner seeking relief under § 2255 must generally file a motion within one year from" the date on which "the judgment of conviction becomes final." *Cardoza v. United States*, No. 10-CR-392-34, 2016 WL 11651751, at *2 n.1 (S.D.N.Y. Aug. 30, 2016) (citing 28 U.S.C. § 2255(f)).  Sharpe's amended judgment of conviction, dated April 19, 2022, became final on May 3, 2022, when Sharpe's 14-day deadline to appeal the amended judgment expired. *See, e.g. Jimenez v. United States*, No. 7:10-CR-0392, 2020 WL 8770915, at *1 (S.D.N.Y. Aug. 3, 2020) (citations omitted).

violation of 21 U.S.C. 841(b)(1)(A); and (ii) "possession of a firearm during and in relation to the drug-trafficking crime in Count One" in violation of 18 U.S.C. 924(C)(1)(A)(iii).  (Trial Tr., dated Feb. 13, 2017, at 1759:7–1760:5; *see also* Judgment, dated May 31, 2018, at 1.)  Sharpe's Sentencing Guidelines range was 360 months to life based upon an offense level of 37 and Criminal History Category of VI.  (PSR at ¶ 119.)  On May 31, 2018, the Court sentenced Sharpe to 240 months' imprisonment, followed by five years of supervised release.  (*See* Judgment, dated May 31, 2018, at 3–4.)  On June 5, 2018, Sharpe appealed to the United States Court of Appeals for the Second Circuit.

On April 29, 2021, the Second Circuit affirmed Sharpe's conviction and sentence.  *See United States v. Hart*, 852 F. App'x 596 (2d Cir. 2021), *cert. denied sub nom., Sharpe v. United States*, 142 S. Ct. 298 (2021).  The Second Circuit also remanded the case for resentencing insofar as Sharpe's substance abuse treatment supervised release condition used the words, "if deemed necessary by probation" and, therefore, was "an impermissible delegation" of the district court's sentencing authority.  *Id.* at 17–18 (quoting Judgment, dated May 31, 2018).  On April 19, 2022, the Court resentenced Sharpe and, as requested by the parties, deleted the drug abuse treatment condition.  (*See* Sent'g Tr., dated May 13, 2022; *see also* Am. Judgment, dated Apr. 19, 2022, at 6.)  "[A]ny[] drug concerns may be addressed . . . at the time when Mr. Sharpe completes his sentence and begins supervised release." (Sent'g Tr., dated Apr. 19, 2022, at 3:9–11.)  The U.S. Supreme Court denied Sharpe's petition for a writ of *certiorari* on October 4, 2021.  *See Sharpe v. United States*, 142 S. Ct. 298 (2021).

The Court respectfully denies Sharpe's Motion which, the Court finds, makes no substantial showing of a denial of a constitutional right.  *See* 28 U.S.C. § 2253.  "**[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is**

**actually filed.**" *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (citations omitted) (emphasis added). Absent a Petition, "there is no case or controversy to be heard . . . on the timeliness issue.'" *Id.* Where, as here, a defendant "has not yet filed his § 2255 motion, and his [submission] does not include sufficient information to allow the Court to construe it as a § 2255 [Petition]," the Court must deny the extension request. *Santillan v. United States*, 20-CV-5999, 3-CR-0138-1, 2020 WL 8770914, at *1 (Aug. 6, 2020) (citing Rules Governing § 2255 Proceedings for the United States District Courts, Rule 2(b)).

Should Sharpe file a § 2255 Petition, "he should include both substantive grounds and equitable reasons" why the time to file the § 2255 Petition should be tolled. *Santillan*, 2020 WL 8770914, at *1. The Petition should "allege any facts that show that [Sharpe] has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his motion." *Id.* (citing *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001)).

**Conclusion & Order**

The Court denies Sharpe's Motion for an extension of time to file a § 2255 Petition [Dkt. 1368]. Because the Motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Clerk of Court is respectfully requested to mail a copy of this Order to Mr. Sharpe.

Dated: New York, New York
June 14, 2023

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**